IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF KANSAS CITY WELFARE BENEFIT PLAN, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br>  Defendant. | Case Nos. 23-cv-641, 23-cv-642, 23-cv-643, 23-cv-644, 23-cv-645, 23-cv-647, 23-cv-648, 23-cv-650, 23-cv-651. 23-cv-1455, 23-cv-1491, 23-cv-1282 <br><br> (Judge Roumel) |

**PLAINTIFFS' NOTICE OF ADDITIONAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Additional Authority to inform the Court of the Supreme Court's July 1 decision in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System* (22-1008), which the Court previously asked the parties to address.

In *Corner Post*, the Supreme Court held that a claim subject to the Administrative Procedures Act's ("APA") limitations provision, 28 U.S.C. § 2401(a), accrues when the specific plaintiff is injured, not when an agency promulgates the rule. Slip. Op. at *6 (attached). That holding supports Plaintiffs' arguments here that a Tucker Act illegal exaction claim accrues when the government exacted funds from plaintiffs, not when the government issued the underlying regulation.

Further, at the core of the Supreme Court's analysis in *Corner Post* was the distinction between a statute of limitations and a statute of repose—a distinction that, as Plaintiffs have explained, matters deeply when determining whether a limitations provision is subject to *American Pipe* tolling. The Court explained that, because the text of the APA limitations provision focuses on when the right "accrues," it functions "as a statute of limitations rather than a statute of repose." Slip Op. at *9. A statute of repose, in contrast, sets "an outer limit" for bringing an action

1

"measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *Id.* (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014)). The Supreme Court rejected the respondent's argument for interpreting § 2401(a) as a "statute of repose that begins to run when agency action becomes final," because its "plaintiff-focused language makes it an accrual-based statute of limitations." *Id*. at *10.

Very similar language is found in the Tucker Act: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred *unless the petition thereon is filed within six years after such claim first accrues*." 28 U.S.C. § 2501 (emphasis added). Indeed, the Supreme Court observed that the APA limitations provision was modeled after the Little Tucker Act. Slip Op. at *7. Thus, just as the Supreme Court interpreted "accrues" in the APA to mean that the limitations period only begins to run once the plaintiff suffers the injury, so too should the Tucker Act's limitation provision be interpreted. And just as the Supreme Court concluded that the APA provision is a statute of limitations, not a statute of repose, so too for the Tucker Act's parallel provision—which supports Plaintiffs' view that the Tucker Act allows *American Pipe* tolling.

July 8, 2024

OF COUNSEL:

Charles Baek
Payal Nanavati
Issac D. Schabes

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Respectfully submitted,

/s/ *Stephen J. McBrady*
Stephen J. McBrady

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
SMcBrady@crowell.com

*Counsel for Plaintiffs*